Keith Gutstein (KG-2454)
Angel R. Sevilla (AS-5252)
Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone:          (516) 681-1100
Facsimile:      (516) 681-1101
*Attorneys for Defendant*
*Central Staff Services, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
PAUL BANACH,

              Plaintiff,

      vs.

OCEANSIDE AUTO WASH, LLC, d/b/a Oceanside
Auto Wash & Detail Center, CENTRAL STAFF
SERVICES, INC., and JOE FERRO, an individual.

              Defendants.
-------------------------------------------------------------X

Case No. 2:12-cv-02578 (LDW) (ETB)

**DEFENDANT CENTRAL STAFF SERVICES, INC.'S ANSWER AND CROSS-COMPLAINT**

Defendant, CENTRAL STAFF SERVICES, INC. ("Defendant" or "CSS"), by and through its undersigned counsel, Kaufman Dolowich Voluck & Gonzo LLP, as and for its Answer to Plaintiff PAUL BANACH's Complaint (the "Subject Complaint"), sets forth the following:

### AS FOR CSS' RESPONSE TO "INTRODUCTION"

1.     CSS denies the allegations contained in Paragraph 1 of the Subject Complaint.

## AS FOR CSS' RESPONSE TO "JURISDICTION AND VENUE"

2. CSS neither admits nor denies the allegations contained in Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

3. CSS neither admits nor denies the allegations contained in Paragraph 3 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

4. CSS neither admits nor denies the allegations contained in Paragraph 4 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

## AS FOR CSS' RESPONSE TO "PARTIES"

5. CSS denies the allegations contained in Paragraph 5 of the Subject Complaint.

6. CSS denies the allegations contained in Paragraph 6 of the Subject Complaint.

7. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Subject Complaint.

8. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Subject Complaint.

9. CSS neither admits nor denies the allegations contained in Paragraph 9 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

10. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Subject Complaint.

11. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Subject Complaint.

12. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Subject Complaint.

13. CSS neither admits nor denies the allegations contained in Paragraph 13 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

14. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Subject Complaint.

15. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Subject Complaint.

16. CSS denies the allegations contained in Paragraph 16 of the Subject Complaint.

17. CSS denies the allegations contained in Paragraph 17 of the Subject Complaint.

18. CSS neither admits nor denies the allegations contained in Paragraph 18 of the Subject Complaint; rather CSS respectfully refers the Court to said document(s) in question.

19. CSS admits the allegations contained in Paragraph 19 of the Subject Complaint.

20. CSS neither admits nor denies the allegations contained in Paragraph 20 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

21. CSS neither admits nor denies the allegations contained in Paragraph 21 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

22. CSS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Subject Complaint.

23. CSS neither admits nor denies the allegations contained in Paragraph 23 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

24. CSS denies the allegations contained in Paragraph 24 of the Subject Complaint.

25. CSS denies the allegations contained in Paragraph 25 of the Subject Complaint.

26. CSS admits the allegations contained in Paragraph 26 of the Subject Complaint.

27. CSS denies the allegations contained in Paragraph 27 of the Subject Complaint.

28. CSS denies the allegations contained in Paragraph 28 of the Subject Complaint.

29. CSS denies the allegations contained in Paragraph 29 of the Subject Complaint.

30. CSS denies the allegations contained in Paragraph 30 of the Subject Complaint.

31. CSS denies the allegations contained in Paragraph 31 of the Subject Complaint.

32. CSS denies the allegations contained in Paragraph 32 of the Subject Complaint.

33. CSS denies the allegations contained in Paragraph 33 of the Subject Complaint.

34. CSS denies the allegations contained in Paragraph 34 of the Subject Complaint.

35. CSS neither admits nor denies the allegations contained in Paragraph 35 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

36. CSS denies the allegations contained in Paragraph 36 of the Subject Complaint.

37. CSS denies the allegations contained in Paragraph 37 of the Subject Complaint.

## AS FOR CSS' RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

38. CSS, in response to Paragraph 38 of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs 1 through 37 of this Answer as though fully set forth herein.

39. CSS denies the allegations contained in Paragraph 39 of the Subject Complaint.

40. CSS denies the allegations contained in Paragraph 40 of the Subject Complaint.

41. CSS denies the allegations contained in Paragraph 41 of the Subject Complaint.

42. CSS denies the allegations contained in Paragraph 42 of the Subject Complaint.

43. CSS denies the allegations contained in Paragraph 43 of the Subject Complaint.

44. CSS denies the allegations contained in Paragraph 44 of the Subject Complaint.

45. CSS denies the allegations contained in Paragraph 45 of the Subject Complaint.

## AS FOR CSS' RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION: NEW YORK LABOR LAW (NYLL) VIOLATIONS

46. CSS, in response to Paragraph 46 of the Subject Complaint, repeats and realleges each and every answer contained in Paragraphs 1 through 45 of this Answer as though fully set forth herein.

47. CSS neither admits nor denies the allegations contained in Paragraph 47 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions.

48. CSS denies the allegations contained in Paragraph 48 of the Subject Complaint.

49. CSS denies the allegations contained in Paragraph 49 of the Subject Complaint.

50. CSS denies the allegations contained in Paragraph 50 of the Subject Complaint.

51. CSS denies the allegations contained in Paragraph 51 of the Subject Complaint.

52. CSS denies the allegations contained in Paragraph 52 of the Subject Complaint.

53. CSS denies the allegations contained in Paragraph 53 of the Subject Complaint.

54. CSS denies the allegations contained in Paragraph 54 of the Subject Complaint.

55. CSS denies the allegations contained in Paragraph 55 of the Subject Complaint.

### AS FOR CSS' FIRST AFFIRMATIVE DEFENSE

56. Some or all of the claims made in the Subject Complaint fail to set forth a claim for which relief may be granted.

### AS FOR CSS' SECOND AFFIRMATIVE DEFENSE

57. Plaintiff was paid properly for all hours worked.

### AS FOR CSS' THIRD AFFIRMATIVE DEFENSE

58. The Subject Complaint, and each claim alleged therein, is barred, in whole or in part, by the applicable statute of limitations.

### AS FOR CSS' FOURTH AFFIRMATIVE DEFENSE

59. The Subject Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258(a) and 259(a), as CSS has acted in good faith and in reliance upon applicable regulations and interpretations with regard to some or all of the acts or omissions alleged in the Subject Complaint.

### AS FOR CSS' FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff is entitled to a jury trial only as to those issues for which a jury trial is permitted by the applicable statutes, regulations and ordinances.

### AS FOR CSS' SIXTH AFFIRMATIVE DEFENSE

61. Plaintiff is not entitled to damages to the extent he failed to mitigate his alleged damages.

## AS FOR DFEENDANTS' SEVENTH AFFIRMATIVE DEFENSE

62. If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of CSS, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff or others which contributed to and proximately caused any such injury, damage, or loss.

## AS FOR CSS' EIGHTH AFFIRMATIVE DEFENSE

63. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## AS FOR CSS' NINTH AFFIRMATIVE DEFENSE

64. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

## AS FOR CSS' TENTH AFFIRMATIVE DEFENSE

65. The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS FOR CSS' ELEVENTH AFFIRMATIVE DEFENSE

66. The Subject Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiff had unclean hands.

## AS FOR CSS' TWELFTH AFFIRMATIVE DEFENSE

67. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

## AS FOR CSS' THIRTEENTH AFFIRMATIVE DEFENSE

68. The Subject Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

## AS FOR CSS' FOURTEENTH AFFIRMATIVE DEFENSE

69. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

## AS FOR CSS' FIFTEENTH AFFIRMATIVE DEFENSE

70. Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the Subject Complaint.

## AS FOR CSS' SIXTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff is exempt from the overtime provisions of the FLSA and the New York Labor Law under one or more exemptions, or combination of exemptions.

## AS FOR CSS' SEVENTEENTH AFFIRMATIVE DEFENSE

72. The Subject Complaint, and each claim alleged therein, is barred, in whole or in part, for failing to join necessary and indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

## AS FOR CSS' EIGHTEENTH AFFIRMATIVE DEFENSE

73. The Subject Complaint, and each claim alleged therein against CSS, is barred, in whole or in part, by another party's agreement to unconditionally indemnify, hold harmless, protect, and defend CSS from Plaintiff's claims in this action.

## AS FOR CSS' NINETEENTH AFFIRMATIVE DEFENSE

74. The Subject Complaint, and each claim alleged therein against CSS, is barred, in whole or in part, because CSS is entitled to be totally and/or partially

indemnified, on an implied and/or equitable basis based on the principles of total and equitable indemnification and/or comparative fault.

## AS FOR CSS' FIRST CROSS-CLAIM AGAINST OCEANSIDE AUTO WASH, LLC D/B/A MJ AUTO WASH, INC.
(Contractual Indemnification)

75. CSS repeats and realleges each and every statements, denials, and responses contained in Paragraphs 1 through 74 of this Answer as though fully set forth herein.

76. CSS and MJ Auto Wash, Inc. d/b/a Oceanside Auto Wash, LLC ("MJ Auto Wash") entered into an agreement entitled, "Professional Employer Organization Contract" ("PEO Agreement"), which covered Plaintiff's employment.

77. Under the PEO Agreement, MJ Auto Wash agreed to unconditionally indemnify, hold harmless, protect, and defend CSS from all claims, including those brought by Plaintiff in this action.

78. Under the PEO Agreement, MJ Auto Wash is therefore obligated to indemnify and hold CSS harmless if CSS is found liable to Plaintiff.

79. This indemnification is for any sums which CSS may be compelled to pay as a result of any damages, judgment and/or award in favor of the Plaintiff, or otherwise.

80. CSS is additionally entitled to payment from MJ Auto Wash of attorneys' fees expended to enforce this right of indemnification, as well as attorneys' fees, costs and expenses incurred in this action.

## AS FOR CSS' SECOND CROSS-CLAIM AGAINST OCEANSIDE AUTO WASH, LLC D/B/A MJ AUTO WASH, INC.
### (Implied and Equitable Indemnification)

81. CSS repeats and realleges each and every statements, denials, and responses contained in Paragraphs 1 through 80 of this Answer as though fully set forth herein.

82. CSS denies any and all liability for Plaintiff's claims and allegations. However, if there is any liability resting with CSS, its liability resulted from the active and primary acts, omissions, and fault of MJ Auto Wash.

83. If Plaintiff recovers any damages against CSS, CSS is entitled to be totally and/or partially indemnified, on an implied and/or equitable basis from MJ Auto Wash, based on the principles of total and equitable indemnification and/or comparative fault.

84. This indemnification is for any sums which CSS may be compelled to pay as a result of any damages, judgment and/or award in favor of the Plaintiff, or otherwise.

85. CSS is additionally entitled to payment from MJ Auto Wash of attorneys' fees expended to enforce this right of indemnification, as well as attorneys' fees, costs and expenses incurred in this action.

## AS FOR CSS' THIRD CROSS-CLAIM AGAINST OCEANSIDE AUTO WASH, LLC D/B/A MJ AUTO WASH, INC.
### (Breach of Contract)

86. CSS repeats and realleges each and every statements, denials, and responses contained in Paragraphs 1 through 85 of this Answer as though fully set forth herein.

87. Under the terms contained in the PEO Agreement, MJ Auto Wash agreed to establish Plaintiff's wages, hours and terms and conditions of employment, in compliance with federal and New York laws.

88. MJ Auto Wash was obligated under the PEO Agreement to provide to CSS, at the end of each pay period, the actual time worked by Plaintiff and to verify that all hours reported by MJ Auto Wash are accurate and are in accordance with federal and New York laws.

89. MJ Auto Wash agreed that CSS shall not be responsible for incorrect, improper or fraudulent information it provided to CSS regarding Plaintiff's time worked.

90. To the extent CSS is found liable to Plaintiff for unpaid wages and/or liquidated damages, MJ Auto Wash shall be liable to CSS for monies owed to Plaintiff.

## AS FOR CSS' FOURTH CROSS-CLAIM AGAINST OCEANSIDE AUTO WASH, LLC D/B/A MJ AUTO WASH, INC.
### (Contribution)

91. CSS repeats and realleges each and every statements, denials, and responses contained in Paragraphs 1 through 90 of this Answer as though fully set forth herein.

92. To the extent CSS is held liable to pay any of the damages alleged in the subject lawsuit herein, CSS is entitled to contribution from MJ Auto Wash for its proportionate share of liability, negligence, misrepresentation, and/or breach of duty or other affirmative misconduct, including but not limited to CSS' costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, it is respectfully requested that Plaintiff's Complaint be dismissed in its entirety, with prejudice, against CSS, together with the costs,

disbursements and attorneys' fees for this action, and any such other and further relief as this Court may deem just, equitable, and proper. Alternatively, CSS requests judgment against MJ Auto Wash for all sums that may be adjudged against CSS, together with attorneys' fees and the costs and disbursements of this action.

Dated: Woodbury, New York
       July 23, 2011

                          Kaufman Dolowich Voluck & Gonzo LLP
                          *Attorneys for Defendant Central Staff*
                          *Services, Inc.*

                          By: _____
                          Angel R. Sevilla (AS-5252)
                          135 Crossways Park Drive, Suite 201
                          Woodbury, New York 11797
                          (516) 681-1100

4848-9728-5648, v. 1